KITCHENS, Justice,
concurring in part and in result with part II of the majority opinion and dissenting in part:
¶ 49. I continue to believe that murder with the underlying felony of robbery becomes a capital crime only where the intent to rob had formed in the perpetrator’s mind before the homicide occurred. See Batiste v. State, 121 So.3d 808, 874 (¶ 187) (Miss.2013) (Kitchens, J., dissenting); Gillett v. State, 56 So.3d 469, 529 (¶ 193) (Miss.2010) (Kitchens, J., dissenting). The applicable statute provides that the murder must occur when the killer is “engaged in the commission of the crime of ... robbery....” Miss.Code Ann. § 97-3-19(2)(e) (Supp.2013). One must intend robbery to commit it. See Lima v. State, 7 So.3d 903, 909 (¶ 27) (Miss.2009). One cannot be engaged in the commission of the crime of robbery if he or she has not formed the intent to rob. Accordingly, if a person kills another before he or she has formed the intent to commit a robbery, that person cannot be guilty of capital murder with the underlying felony of robbery, because he or she was not engaged in robbery when the killing occurred. The purpose of Mississippi’s capital murder statute is to punish with extreme severity those who are willing to kill while committing certain specified crimes, not those who kill and then commit an additional crime as an afterthought. See Batiste, 121 *274 So.3d at 874-75 (¶¶ 188-89) (Kitchens, J., dissenting). As I wrote in the direct appeal of this case, the State failed to prove that Gillett intended to rob the victims before he murdered them.[52] His conviction for capital murder should therefore be reversed.
¶ 50. This Court erred when it reweighed an invalid aggravator, and Gil-lett’s death sentence should be vacated. However, as before, I find that “nothing in the record supports a finding that Gillett ... committed the murders ‘for the purpose of avoiding or preventing a lawful arrest or effecting an escape from custody.’” Gillett, 56 So.3d at 533 (¶ 212) (Kitchens, J., dissenting) (quoting Miss. Code Ann. § 99-19-101(5)(e) (Rev.2007)). Two invalid aggravators were considered by the jury, in addition to the fact that no proof was adduced to show that Gillett intended to rob the victims prior to the murders. Accordingly, I concur in part with the majority and in result as to Part II. of its opinion, because I agree that the sentence of death should be vacated.
¶ 51. Finally, while I agree with the majority that the inclusion of evidence to support an invalid statutory aggravator was not harmless beyond a reasonable doubt, I join Justice Dickinson’s argument that this Court should hold that, in all cases, “allowing a jury to hear evidence of a statutory aggravating factor can never be harmless beyond a reasonable doubt-” I also agree with his conclusion that it is for this Court, not the Legislature, to determine whether it is permissible for an appellate court to reweigh aggravating and mitigating factors, and that Section 99-19-105 is an unconstitutional legislative foray into the judicial prerogative. However, Justice Dickinson concurs with the affirmance of Gillett’s conviction in Part I of the majority opinion, which I cannot do. Therefore I join Justice Dickinson’s opinion in part. Because the majority vacates only the sentence of death in Part II, without reversing Gillett’s conviction of capital murder in Part I, I join that opinion in part and in result. I would reverse the sentence of death and reverse Gillett’s conviction for capital murder.
KING, J., JOINS THIS OPINION.

. Had Gillett committed these terrible murders and then simply walked away, he would not be facing the death penalty. Apparently, it is the stealing of personalty after the killings were accomplished which renders his behavior so despicable as to be deserving of our highest punishment. This example shows why it is so vital to prove the existence of an intent to rob before the killing is accomplished.